UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM MURRAY,

        Plaintiff,

v.                                     Case No. 8:18-cv-947-T-AEP

ANDREW M. SAUL,
Commissioner of Social Security,[1]

        Defendant.
_____/

## **ORDER**

Plaintiff seeks judicial review of the denial of his claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.**

### A.    **Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 375-80). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 141-48, 157-62). Plaintiff then requested an administrative hearing (Tr. 163-64). Per Plaintiff's request, the ALJ held a hearing, and, following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 104-26). Plaintiff requested review from the Appeals Council, which the Appeals Council granted.

---

[1] Andrew M. Saul is now the Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Andrew M. Saul should be substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

Upon consideration, the Appeals Council remanded the matter to the ALJ for further consideration (Tr. 127-31). On remand, the ALJ obtained additional evidence and conducted a new hearing (Tr. 43-68).[2] After the hearing, the ALJ issued an unfavorable decision, again finding Plaintiff not disabled (Tr. 17-42). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-6). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B.      Factual Background and the ALJ's Decision

Plaintiff, who was born in 1968, claimed disability beginning February 28, 2009 (Tr. 375, 377). Plaintiff obtained a high school education (Tr. 427). Plaintiff's past relevant work experience included work as a fence erector and tree trimmer (Tr. 59-61, 428-31). Plaintiff alleged disability due to liver problems, possible multiple sclerosis, possible aneurism, and a stutter (Tr. 427).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2009 and that Plaintiff had not engaged in substantial gainful activity since February 28, 2009, the alleged onset date (Tr. 23). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: seizure disorder, stuttering, status post left tibia/fibula fracture, osteomyelitis, tachycardia, and hypertension (Tr. 23). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of

---

[2] Prior to the final administrative hearing, Plaintiff failed to appear for a previously scheduled hearing, and the ALJ therefore issued an Order of Dismissal (Tr. 132-36). After consideration, the Appeals Council vacated the ALJ's Order of Dismissal and directed the ALJ to consider whether Plaintiff established good cause for not appearing at the hearing (Tr. 137-40). The ALJ then determined that Plaintiff established good cause, reinstated Plaintiff's claim, and conducted the administrative hearing (Tr. 21, 43-68).

impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 28). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work, except that Plaintiff could not climb ladders, ropes, or scaffolds; should have no exposure to hazardous machinery; and limit the public contact to six hours during the workday (Tr. 28). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 29).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform his past relevant work (Tr. 31). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as an office helper, a hand packager, and a housekeeping cleaner (Tr. 32). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 32).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by

medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.[3] If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation

---

[3] The cited references to the regulations pertain to those in effect at the time the decision was rendered.

marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## III.

Plaintiff argues that the ALJ erred by failing to fully develop the record. Namely, Plaintiff contends that the ALJ failed to fully develop the record for the period after September 26, 2015, the date on which Plaintiff was hospitalized following a collision between an automobile and Plaintiff as a pedestrian. Mainly, Plaintiff contends that the ALJ should have ordered an updated consultative examination regarding Plaintiff's RFC and should have considered the amount of time Plaintiff would have missed work between September 26, 2015, the date of the hospitalization, and March 1, 2017, the date of the ALJ's decision. According to Plaintiff, the numerous hospitalizations during that time period would have precluded substantial gainful activity.

Even though Social Security proceedings are inquisitorial rather than adversarial in nature, claimants must establish their eligibility for benefits. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007); 20 C.F.R. §§ 404.1512(a), 416.912(a). During the administrative process, therefore, a claimant must inform the Social Security Administration about or submit all evidence known to the claimant relating to whether the claimant is blind or disabled. 20 C.F.R. §§ 404.1512(c), 416.912(c). Though the claimant bears the burden of providing medical evidence showing she is disabled, the ALJ is charged with developing a full and fair record. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). The ALJ maintains this basic obligation to develop a full and fair record without regard for whether the claimant is represented by counsel. *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995) (citation omitted). When the plaintiff demonstrates that the record reveals evidentiary gaps which result in unfairness or "clear prejudice," remand is warranted. *Id.* at 935; *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) ("Remand for further factual development of the record before the ALJ is appropriate where the record reveals evidentiary gaps which result in unfairness or clear prejudice.") (quotation and citation omitted); *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997) ("However, there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record.") (citation omitted).

Although the ALJ has a duty to develop the record, the ALJ is not required to order a consultative examination when the record contains sufficient evidence upon which the ALJ can make an informed decision. *Ingram*, 496 F.3d at 1269 (citing *Doughty v. Apfel,* 245 F.3d 1274, 1281 (11th Cir. 2001)); 20 C.F.R. §§ 404.1512(e), 404.1519a, 416.912(e), 416.919a. Rather, the regulations dictate that the ALJ may ask the claimant to attend a consultative examination at the Commissioner's expense, but only after the ALJ fully considers whether any additional

information needed is readily available from the records of the claimant's medical sources. *Doughty,* 245 F.3d 1280-1281; *See* 20 C.F.R.§§ 404.1512(d)-(e), 404.1519a(a), 404.1520b, 416.912(d)-(e), 416.919a(a), 416.920b.[2] It is reversible error, however, for an ALJ not to order a consultative examination when such an evaluation is necessary for the ALJ to make an informed decision. *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (citation omitted).

The decision to recontact a medical source or to order a consultative examination remains within the discretion of the Commissioner. *See, generally,* 20 C.F.R. §§ 404.1520b(c), 416.920b(c). If the evidence is consistent but the Commissioner does not have sufficient evidence to determine whether a claimant is disabled, or, if after weighing the evidence, the Commissioner determines that a conclusion cannot be reached about whether the claimant is disabled, the Commissioner will determine the best way to resolve the inconsistency or insufficiency, including recontacting a treating physician or medical source or asking the claimant to undergo a consultative examination. 20 C.F.R. §§ 404.1520b(c)(1) & (3), 416.920b(c)(1) & (3). In this instance, the evidence relied upon by the ALJ was neither inconsistent nor insufficient. Rather, as the decision indicates, the record contained sufficient evidence, including medical evidence subsequent to Plaintiff's September 26, 2015 hospitalization, for the ALJ to make an informed decision (Tr. 20-33, 1186-94, 1204-16, 1267-

---

[2] A non-exhaustive list of situations requiring a consultative examination appears in the regulations, at 20 C.F.R. §§ 404.1519a(b) and 416.919a(b), and includes situations where (1) the additional evidence needed was not contained in the records of claimant's medical sources; (2) the evidence that may have been available from the claimant's treating or other medical sources could not be obtained for reasons beyond the claimant's control, such as death or non-cooperation of a medical source; (3) highly technical or specialized medical evidence that the Commissioner needs was not available from claimant's treating or other medical sources; or (4) there was an indication of a change in the claimant's condition likely to affect the claimant's ability to work, but the current severity of claimant's impairment was not established. 20 C.F.R. §§ 404.1519a(b)(1)-(4), 416.919a(b)(1)-(4).

1326, 1331-52, 1380-1424, 1427-51, 1454-78, 1480-1515).  As such, the ALJ did not need to seek a consultative examination to correct any inconsistencies or insufficiencies in the record.

Furthermore, no evidentiary gap exists due to the lack of a medical source statement subsequent to Plaintiff's September 2015 accident.  As the Commissioner notes, a physician's opinion as to what a claimant can still do despite his or her impairments differs from an ALJ's assessment of a claimant's RFC.  *See* 20 C.F.R. §§ 404.1512(b), 404.1513(b) & (c), 404.1527(d)(2), 404.1545, 404.1546, 416.912(b), 416.913(b) & (c), 416.927(d)(2), 416.945, 416.946; Social Security Ruling ("SSR") 96-5p, 1996 WL 374183 (July 2, 1996).  Indeed, SSR 96-5p explains that

> Even though the adjudicator's RFC assessment may adopt the opinions in a medical source statement, they are not the same thing: A medical source statement is evidence that is submitted to SSA by an individual's medical source reflecting the source's opinion based on his or her own knowledge, while an RFC assessment is the adjudicator's ultimate finding based on a consideration of this opinion and all the other evidence in the case record about what an individual can do despite his or her impairment(s).
>
> ***
>
> A medical source's statement about what an individual can still do is medical opinion evidence that an adjudicator must consider together with all of the other relevant evidence (including other medical source statements that may be in the case record) when assessing an individual's RFC.  Although an adjudicator may decide to adopt all of the opinions expressed in a medical source statement, a medical source statement must not be equated with the administrative finding known as the RFC assessment.

SSR 96-5p, 1996 WL 374183, at *4, *5.  The task of determining a claimant's RFC and ability to work thus rests with the ALJ, not a medical source.  *See Moore v. Soc. Sec. Admin., Com'r*, 649 F. App'x 941, 945 (11th Cir. 2016); *Castle v. Colvin*, 557 F. App'x 849, 853 (11th Cir. 2014) ("Contrary to the district court's reasoning, the ALJ did not 'play doctor' in assessing Mr. Castle's RFC, but instead properly carried out his regulatory role as an adjudicator responsible for assessing Mr. Castle's RFC … Indeed, the pertinent regulations state that the

ALJ has the responsibility for determining a claimant's RFC."); *Robinson v. Astrue*, 365 F. App'x 993, 999 (11th Cir. 2010) ("We note that the task of determining a claimant's residual functional capacity and ability to work is within the province of the ALJ, not of doctors."). Given that the ALJ properly considered the evidence of record, including several treatment notes and medical records subsequent to Plaintiff's September 2015 accident, the ALJ did not need to obtain a consultative examination for Plaintiff to determine Plaintiff's limitations. The determination of Plaintiff's RFC remained, at all times, with the ALJ.

Finally, the ALJ did not err in considering the frequency of Plaintiff's hospitalizations and medical treatment. In determining a Plaintiff's RFC, the ALJ must consider all the relevant evidence of record, including the effects of treatment, taking into consideration limitations or restrictions imposed by the mechanics of treatment, such as the frequency of treatment, duration, and disruption to routine. SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996). Though the Eleventh Circuit has rejected the argument that numerous medical appointments render a claimant disabled, *Cherkaoui v. Comm'r of Soc. Sec.*, 678 F. App'x 902, 904 (11th Cir. 2017), the ALJ must still consider the effects of a claimant's treatment in conjunction with the other evidence of record. In this instance, the ALJ did so. The ALJ discussed each of Plaintiff's hospitalizations and all the medical treatment Plaintiff received prior to the date of the decision (Tr. 20-31). In doing so, the ALJ considered the length and nature of the treatment (Tr. 29-30).

Further, not all of Plaintiff's medical treatment and hospitalizations were expected to recur or cause any further limitations. For example, in September 2016, Plaintiff decided to lance a bump on his leg with a scalpel and went to the emergency room after unable to control bleeding (Tr. 30, 1186-89, 1283-86). Additionally, Plaintiff received treatment for MRSA and infected hardware with tibial osteomyelitis in October and November 2016 (Tr. 30, 1381-1424, 1454-78, 1480-1515). The hardware was removed and the ALJ explicitly stated that he

accounted for any possible residual effects of the fracture and osteomyelitis by limiting Plaintiff to light exertional work (Tr. 30).  The ALJ also noted that, having received treatment for the MRSA infection, Plaintiff should not experience any additional long-term limitations (Tr. 30).

As the Commissioner argues, therefore, Plaintiff failed to demonstrate that his condition, or any attendant medical treatment or hospitalizations, established disabling limitations for a consecutive twelve-month period.  *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1509, 416.909.  Nor did Plaintiff establish that his impairments prevented him from performing work within the confines of the RFC or as identified by the VE.  Instead, the ALJ properly considered the evidence of record, including the evidence from Plaintiff's September 2015 accident and all subsequent treatment notes and hospitalizations.  Substantial evidence supports the ALJ's decision, and the ALJ applied the proper legal standards.

**IV.**

Accordingly, after consideration, it is hereby

ORDERED:

1.  The decision of the Commissioner is AFFIRMED.

2.  The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 20th day of August, 2019.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:  Counsel of Record